# SUPREME COURT.

## WILLIAMS AND OTHERS agt. RICHMOND.

An admission in one defence in an answer to a complaint on a promissory note that the defendant endorsed a note similar in amount and desciption to that mentioned in the complaint, accompanied with a denial of all knowledge or information sufficient to form a belief that he endorsed the same to the plaintiffs, or that the plaintiffs are the owners or holders thereof, " as stated in the complaint in this action," will, upon a motion for judgment on the ground that the answer is frivolous, be construed to relate to the note described in the complaint.

Williams and others agt. Richmond.

References in a subsequent defence in the same answer to the "said" note
sufficiently point to the note in suit.

*At Chambers, August* 8, 1854. Motion for judgment on the
ground that the answer is frivolous.

F. E. Cornwell, *for plaintiffs.*
Wm. Van Marter, *for defendant.*

T. R. Strong, Justice. The answer in this case is not a
lawyer-like pleading, but construing it liberally with a view to
substantial justice between the parties, as § 159 of the Code
requires, I think it is not frivolous.

The defendant in the first branch of the answer, containing
what is set forth as the first defence, in terms admits that he
endorsed a note similar in amount and description to that men-
tioned in the complaint; and then denies all knowledge or in-
formation sufficient to form a belief that he endorsed the same
to the plaintiffs, or that the plaintiffs are the owners or holders
thereof, "*as stated in the complaint in this action.*" By this
reference to the complaint, the defendant treats the allegations
therein as applicable to the note which he admits he endorsed,
and his admissions must therefore be understood to relate to
the note described in the complaint. In this view, this part
of the answer contains in substance an admission of the endorse-
ment of the note upon which the defendant is sued, with the
denials named.

Regarding the note referred to in the commencement of the
answer as identical with that described in the complaint, the
references in the subsequent parts of the answer, which are
presented in form as a second defence to the "said" note, suf-
ficiently point to the note in suit; and if so, the denial in the
second defence of the allegation in the complaint, that defend-
ant "by writing endorsed on the said note waived demand of
payment of the said note," &c., forms a material issue.

There being at least one material issue, the motion must be
denied.